IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

NO. 22-12140-E
_____

BENJAMIN VIENT,

Plaintiff/Appellant,

vs.

HIGHLANDS NEWS-SUN

Defendant/Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

_____

APPELLEE'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE
OF APPELLATE PROCEDURE 38
_____

SCOTT D. PONCE
BENJAMIN A. TAORMINA
Holland & Knight LLP
701 Brickell Avenue
Suite 3300
Miami, FL 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)

Attorneys for Appellee

CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT

Appellee, pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Eleventh Circuit Rule 26.1-1, identifies the following people and entities as having an interest in the outcome of this appeal:

D-R Media and Investments, LLC

Highlands News-Sun, defendant/appellee

Holland & Knight LLP, counsel for defendant/appellee

U.S. Magistrate Judge Shaniek Mills Maynard

Ponce, Scott D., counsel for defendant/appellee

U.S. District Judge Robin L. Rosenberg

Taormina, Benjamin A., counsel for defendant/appellee

Vient, Benjamin, plaintiff/appellant

Highlands News-Sun, pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, states that it is owned by parent corporation D-R Media Investments, LLC, a privately owned corporation.

C-1

Defendant/Appellee Highlands News-Sun moves the Court for a determination that this appeal is frivolous and to award all relief that it deems is appropriate. The grounds for this motion are:

The clear absence of appellate jurisdiction is a basis for finding an appeal to be frivolous. *See Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989) ("A notice of appeal may be so baseless that it does not invoke appellate jurisdiction"). Moreover, the law being unmistakably clear that an appeal is frivolous weighs in favor of imposing sanctions under Rule 38. See Fed. R. App. P. 38; *King v. U.S.*, 789 F.2d 883, 884 (11th Cir. 1986).

Here, as more fully detailed in Defendant's motion to dismiss that is being filed contemporaneously with this motion, Plaintiff/Appellant's appeal is frivolous for numerous reasons. First, this Court lacks jurisdiction over the appeal from the final judgment because is it untimely. Second, this Court lacks jurisdiction over the appeal from the *sixth* motion for reconsideration because Plaintiff did not timely appeal his first motion for reconsideration. Third, this Court lacks jurisdiction over the appeal from Plaintiff's motion for transparency because it is nothing more than a re-packaged attempt to review the final judgment, over which this Court does not have jurisdiction. Finally, a review of the merits of Plaintiff's *sixth* motion for reconsideration and the motion for transparency demonstrates that they are both unsupported by legal precedent.

Defendant acknowledges that the this Court is hesitant to award sanctions against pro se parties. Plaintiff, however, is far from a typical pro se party. Indeed, Plaintiff is a serial litigant who routinely sues newspapers throughout the country after they publish his submissions. *See Vient v. Sanford Herald and Rachael Raney,* Case No 1:19-CV-00002-TDS-LPA (M.D. N.C.); *Vient v. Connersville News Examiner,* Case No. 1:17-CV-04691-JMS- TAB, (S.D. IN)*; Vient v. Wehco Media*, Case No. 4:18-cv-0092-KGB (E.D. Ark)*; Vient v. Prairie Mountain Publishing,* Case No. 1:18-cv-03325-SKC (D. Colo); *Vient v. Barbara Wall Gannett,* Case No. 1:18-cv-01562; *Vient v. APG Media,* Case No. ELH-18-3862 (D. MD); *Vient v. Raycom Media,* Case No. 2:18-cv-1054-GMB (M.D. Ala.); *Vient v. Ancestry*, Case No. 2:19-CV-51-DAK (D. Utah). Plaintiff's frivolous appeal and his status as a seasoned, serial litigator warrant the impositions of sanctions. *Watkins v. Cap. City Bank & Gty*, 859 F. App'x 553, 554 (11th Cir. 2021) (determining that the pro se appellant's "serial litigation warrants an award to the defendants for their expenses in defending this appeal.").

## CONCLUSION

For these reasons, the Court should enter all relief it deems appropriate under Rule 38.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Appellee

>701 Brickell Avenue
>Suite 3300
>Miami, Florida 33131
>(305) 374-8500
>(305) 789-7799 (facsimile)
>
>By: /s/ Scott D. Ponce
>    Scott D. Ponce (FBN 0169528)
>    Email: sponce@hklaw.com
>    Benjamin A. Taormina (FBN 106731)
>    Email: benjamin.taormina@hklaw.com

## CERTIFICATE OF COMPLIANCE WITH RULE 27(d)

This brief complies with the requirements of Rule 27(d)(1)(e) of the Federal Rules of Appellate Procedure because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman, and the requirements of Rule 27(d)(2)(A) of because it contains 423 words.

>By: /s/ Scott D. Ponce

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of July 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.

>By: /s/ Scott D. Ponce

3

#176193319_v1