IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

NO. 22-12140-E

_____

BENJAMIN VIENT,

Plaintiff/Appellant,

vs.

HIGHLANDS NEWS-SUN

Defendant/Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

_____

APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION, FOR
SUMMARY AFFIRMANCE OF ANYTHING OVER WHICH THERE IS
JURISDICTION, AND TO STAY MERITS BRIEFING

_____

SCOTT D. PONCE
BENJAMIN A. TAORMINA
Holland & Knight LLP
701 Brickell Avenue
Suite 3300
Miami, FL 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)

Attorneys for Appellee

<u>CERTIFICATE OF INTERESTED PERSONS</u>
<u>AND CORPORATE DISCLOSURE STATEMENT</u>

Appellee, pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Eleventh Circuit Rule 26.1-1, identifies the following people and entities as having an interest in the outcome of this appeal:

D-R Media and Investments, LLC

Highlands News-Sun, defendant/appellee

Holland & Knight LLP, counsel for defendant/appellee

U.S. Magistrate Judge Shaniek Mills Maynard

Ponce, Scott D., counsel for defendant/appellee

U.S. District Judge Robin L. Rosenberg

Taormina, Benjamin A., counsel for defendant/appellee

Vient, Benjamin, plaintiff/appellant

Highlands News-Sun, pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, states that it is owned by parent corporation D-R Media Investments, LLC, a privately owned corporation.

C-1

Defendant/Appellee Highlands News-Sun moves to dismiss this appeal in its entirety for lack of jurisdiction, for summary affirmance as to anything over which jurisdiction might exist, and to stay any merits-related briefing or proceedings pending the resolution of this motion. The grounds for this motion are:

## I.     BACKGROUND

Defendant/Appellee publishes a newspaper in central Florida. Plaintiff/Appellant sued Defendant for alleged copyright infringement arising from two articles that were published in the newspaper. DE 69. Defendant moved for summary judgment, and Plaintiff filed a response. DE 208, 214-216. The district court granted Defendant's motion for summary judgment, finding that Plaintiff had failed to come forward with any evidence that he owned a copyright for either article. DE 220 (Ex. 1).[1] The district court noted that in light of the fact that the case was thirty-three months old, Plaintiff had been given sufficient time to obtain and submit evidence of his copyright ownership. *Id.* at 5. The district court entered final judgment in favor of Defendant on October 19, 2021.[2] DE 222 (Ex. 2).[3]

---

[1] The exhibits cited in this motion are attached to the motion.

[2] The final judgment is dated (right above the district judge's signature) October 18, 2021, but was not entered into the district court's docket until October 19, 2021. *See* Fed.R.App.P. 4(a)(7)(A); Fed.R.Civ.P. 58(c).

[3] This is the third time that this case has been before this Court. The first time, this Court reversed the district court's *sua sponte* dismissal with prejudice of Plaintiff's fifth amended complaint as a sanction under Fed.R.Civ.P. 11. *Vient v. Highlands*

Plaintiff did not file a notice of appeal within thirty days of the entry of final judgment. Instead, he timely filed (on the twenty-eighth day following the entry of final judgment) a post-judgment motion for reconsideration under Rule 60(a) of the Federal Rules of Civil Procedure. DE 225 (Ex. 3). Plaintiff argued that district court "overlooks facts of [his] Copyright ownership, and makes the mistake of agreeing with Defendant." *Id.* Plaintiff asked for permission to amend his response to the motion for summary judgment and to submit an amended affidavit. *Id.*

The district court denied the motion for reconsideration in a three-page reasoned order. DE 227 (Ex. 4). The district court denied the motion because, among other reasons, post-judgment relief is not available to present argument and evidence that could have been presented prior to the district court ruling upon the motion for summary judgment. The district court's order denying the motion for reconsideration was entered on December 8, 2021.

Following the entry of that order, Plaintiff did ***not*** file a notice of appeal relating to the order granting the motion for summary judgment, the final judgment,

---

*News-Sun*, 829 Fed. Appx. 407 (11th Cir. 2020). The second time, Plaintiff sought review of the order denying his motion to equally review the defendant's filings (DE 172), the order denying the timely motion for reconsideration of that order (DE 179), and the order denying his motion for equal protection and due process (DE 198). This Court dismissed the appeal for lack of jurisdiction because the orders were not final and did not fall into an exception permitting review of interlocutory orders. *Vient v. Highlands News-Sun,* No. 21-11277-JJ (11th Cir. Sept. 16, 2021). The Court subsequently denied Plaintiff's motion for reconsideration of the order dismissing the appeal. *Id.* (Nov. 3, 2021).

or the order denying his motion for reconsideration. Instead, thirty-six days after his motion for reconsideration was denied, Plaintiff filed a second motion for reconsideration seeking relief under Rule 60(a) and asking for an opportunity under Fed.R.Civ.P. 56(e)(1) "to properly support or address the fact" of copyright ownership. DE 228 (Ex. 5).

This was the beginning of a five-month period during which Plaintiff serially filed five motions for reconsideration invoking Rule 60(a) and asking for an opportunity under Fed.R.Civ.P. 56(e)(1) "to properly support or address the fact" of copyright ownership. The district court denied each motion. DE 228, 229, 230, 231, 232, 233, 234, 235, 236, 239 (Exs. 5-14). Of the five motions, each of the first three was filed more than twenty-eight days after the entry of the order denying the immediately preceding motion for reconsideration (DE 228, 230, 232), and the last two were filed within twenty-eight days of the order denying the immediately preceding motion for reconsideration (DE 234, 236).

The last of the motions for reconsideration (DE 236) was accompanied by Plaintiff's separately-filed "Motion to our Court for Transparency" and "Motion To Stay" (DE 237, 238) (Exs. 15-16). The district court entered an order on June 1, 2022 denying the motion for reconsideration and the two motions that were filed contemporaneously with the motion for reconsideration. DE 239. In that order, the

district court ordered the clerk to refuse to except any future filings from Plaintiff that were not a notice of appeal. *Id.*

Plaintiff filed a notice of appeal on June 28, 2022, which was within thirty days after the district court entered its order denying the last motion for reconsideration and the motions for transparency and for a stay. DE 240 (Ex. 17). The notice of appeal states that Plaintiff is appealing the district court's order granting the motion for summary judgment (DE 220), the final judgment (DE 222), and the district court's order denying the last motion for reconsideration and the "Motion to our Court for Transparency" (DE 239).

Through this motion, Defendant seeks the dismissal of this appeal in its entirety for lack of jurisdiction; summary affirmance of anything over which jurisdiction might exist; and to stay any merits-related briefing or proceedings pending the resolution of this motion.

## ARGUMENT

## A. THE APPEAL SHOULD BE DISMISSED FOR LACK OF JURISDICTION

Plaintiff's notice of appeal states that he is appealing the final judgment that was entered after Defendant's motion for summary judgment was granted, and the district court's order that denied Plaintiff's sixth motion for reconsideration and his "Motion to our Court for Transparency." This appeal should be dismissed in its entirety for lack of jurisdiction.

4

### 1. *The Court Lacks Jurisdiction Over Plaintiff's Appeal From The Final Judgment Because The Notice Of Appeal Was Untimely.*

The district court granted Defendant's motion for summary judgment by order dated October 15, 2021, and final judgment in favor of Defendant was entered on October 19, 2021. The entry of final judgment triggered the time for Plaintiff to take post-judgment action. Specifically, Plaintiff had thirty days, up to and including November 18, 2022, to file a notice of appeal relating to the final judgment. Fed.R.App.P. 4(a)(1)(A). Alternatively, Plaintiff could file specified post-judgment motions that, if filed, would extend the time for him to file a notice of appeal relating to the final judgment. Fed.R.App.P. 4(a)(4)(A).

Plaintiff did ***not*** file a notice of appeal within thirty days after the entry of the final judgment. Instead, Plaintiff filed with the district court a motion for reconsideration seeking relief under Rule 60 of the Federal Rules of Civil Procedure. DE 225. That motion was timely filed on November 16, 2021, which was the twenty-eighth day after the final judgment was entered. Fed.R.App.P. 4(a)(4)(A)(vi) (establishing a 28-day deadline for the filing of a motion "for relief under Rule 60"). The effect of the filing of the motion for reconsideration was that the time for Plaintiff to file a notice of appeal relating to the final judgment would run from the date of the entry of an order disposing of the motion for reconsideration. *Id.*

The district court denied the motion for reconsideration by order entered December 8, 2021. DE 227. This meant Plaintiff had thirty days, up to and including

January 7, 2022, to file a notice of appeal relating to the final judgment. Fed.R.App.P. 4(a)(1)(A) and (a)(4)(A). ***However, Plaintiff did not file a notice of appeal***. Instead – thirty-six days after the entry of the order denying his motion for reconsideration – Plaintiff filed a second motion for reconsideration that, like the first, sought relief under Rule 60. The Court lacks jurisdiction over Plaintiff's appeal from the final judgment because he did not file a notice of appeal within thirty days of the denial of his original Rule 60 motion for reconsideration.

"'[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.'" *See Green v. Drug Enforcement Administration*, 606 F.3d 1296, 1300 (11th Cir. 2010) (quoting *Bowles v. Russell*, 551 U.S. 205, 214 (2007)) (brackets in original). Because Plaintiff did not file a notice of appeal within thirty days of the entry of judgment, if Plaintiff wanted to appeal the final judgment, then he was required to file a notice of appeal no later than thirty days after the entry of the order denying his motion for reconsideration, which works out to a deadline of January 7, 2022. However, he waited until June 28, 2022 to file his notice of appeal relating to the final judgment. DE 240. The Court lacks jurisdiction over Plaintiff's appeal from the final judgment because he filed his notice of appeal more than five months too late.

Defendant anticipates that Plaintiff will argue that his serial filing of five motions for reconsideration after his original motion for reconsideration was denied

continued to extend his time to appeal from the final judgment. Any such argument

fails because:

> A party is only entitled to reset and toll the 30-day appeals
> window once; successive post-judgment motions will not do the
> trick. Were it otherwise, litigants could forestall appeal by filing
> an endless parade of post-judgment motions, which would
> frustrate not only parties' legitimate interest in prompt appellate
> review but also society's interest in the finality of judgments.

See *Valentine v. BAC Home Loans Servicing, L.P.,* 635 F. App'x 753, 756 (11th Cir.

2015) (internal citations omitted); *see also Marsh v. Dept. of Children and Families*,

259 F. App'x 201, 204 (11th Cir. 2007) (quoting *Wright v. Preferred Research, Inc.*,

891 F.2d 886, 889 (11th Cir. 1990)) ("'[T]he time for appeal is postponed only by

an *original* motion of the type specified, *i.e.*, a motion to reconsider an order

disposing of such a motion will not further postpone the time to appeal.'") (emphasis

in original).

Plaintiff's appeal from the final judgment should be dismissed for lack of

jurisdiction because Plaintiff did not timely file his notice of appeal.

### 2.    *The Court Lacks Jurisdiction Over Plaintiff's Appeal From The Denial Of His Sixth Motion For Reconsideration And Motion For Transparency.*

Plaintiff's original post-judgment motion for reconsideration was brought

under Rule 60(a). DE 225. In that motion, Plaintiff argued that the district court

overlooked evidence that precluded summary judgment, and Plaintiff asked for

permission to amend his response to the motion for summary judgment and to submit

an amended affidavit.  The district court denied the motion because, among other reasons, post-judgment relief is not available to present argument and evidence that could have been presented before the district court ruled upon the motion for summary judgment. DE 227.  The district court's order denying the motion was entered on December 8, 2021.

Plaintiff did not file a notice of appeal relating to the denial of the motion for reconsideration.  Fed.R.App.P. 4(a)(4)(B)(ii).  Instead, Plaintiff filed the first of five more motions for reconsideration, all of which were brought pursuant to Fed.R.Civ.P. 60(a) and all of which argued that, under Fed.R.Civ.P. 56(e)(1), Plaintiff should be "give[n] an opportunity to properly support or address the fact" of copyright ownership.  DE 228, 230, 232, 234, 236.  The district court denied each motion.  DE 229, 231, 233, 235, 239.

The last of the motions for reconsideration – Plaintiff's sixth, overall – was denied by the district court by order entered June 1, 2022.  DE 229.  Plaintiff filed his notice of appeal on June 28, 2022.  DE 240.  The notice of appeal purports to appeal the denial of Plaintiff's last motion for reconsideration.  Although the notice of appeal was filed within thirty days of the denial of Plaintiff's last motion for reconsideration, there are two reasons the Court does not have jurisdiction over Plaintiff's appeal from the denial of that motion.

*First*, all of Plaintiff's motions for reconsideration invoked the same rule of civil procedure, made the same argument, and sought the same relief: the district court overlooked evidence that precluded summary judgment, and Plaintiff should be given another opportunity to address the fact of copyright ownership.  If Plaintiff wanted to appeal the district court's rejection of his position and refusal to grant his requested relief, then he was required to file a notice of appeal no later than thirty days after the denial of the *original* motion for reconsideration.   Fed.R.App.P. 4(a)(1)(A) and (a)(4)(B)(ii); *see also Gonzalez v. Gonzalez*, 695 F. App'x 450, 452-53 (11th Cir. 2017) (citing *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1271 (11th Cir. 2013)) ("[I]n order to seek appellate review of a district court order disposing of a tolling post-judgment motion, the appealing party is required to file a separate notice of appeal or amend its original notice to designate the motion as subject to appeal."); *Odion v. Google, Inc.*, 628 F. App'x 635, 636 (11th Cir. 2015) (same).

However, Plaintiff did not file a notice of appeal relating to the denial of his original motion, and he cannot indefinitely toll the time to appeal the district court's denial of the original motion by filing successive motions for reconsideration making the same arguments and seeking the same relief as the original motion.  *See Valentine*, 635 F. App'x at 756; *Marsh*, 259 F. App'x at 204 (11th Cir. 2007) (quoting *Wright*, 891 F.2d at 889) ("'Similarly, where the movant pleads

substantially the same grounds in a second motion for reconsideration as he did in his original pleading, . . . then the time limit is not tolled.'") (ellipses in original).

*Second*, even if the filing of successive Fed.R.Civ.P. 60 post-judgment motions could create a chain that continuously tolls the time to appeal the denial of preceding Rule 60 motions (which it cannot), such a chain does ***not*** exist here because each of the first three motions for reconsideration was filed more than twenty-eight days after the denial of the immediately preceding motion, thus breaking any attempt to build a chain.

Rule 4(a)(4)(A)(vi) of the Federal Rules of Appellate Procedure gives tolling effect to Fed.R.Civ.P. 60 motions that are filed "no later than 28 days after the judgment was entered." Assuming, *arguendo*, that the appellate rule allows a Rule 60 motion for reconsideration to extend the time to appeal the denial of a prior Rule 60 motion for reconsideration (and not only a judgment), the subsequent motion for reconsideration would have to be filed no later than twenty-eight days after the denial of the preceding motion.

Here, each of the first three of Plaintiff's five successive motions for reconsideration was filed more than twenty-eight days after the denial of the immediately preceding motion. *See* DE 228 & 227 (second motion for reconsideration filed thirty-six days after the denial of the first/original motion for reconsideration); DE 230 & 229 (third motion for reconsideration filed thirty-six

days after the denial of the second motion for reconsideration); DE 232 & DE 231 (fourth motion for reconsideration filed thirty-four days after the denial of the third motion for reconsideration). This breaks the would-be chain.

Plaintiff's appeal from the denial of his sixth motion for reconsideration should be dismissed for lack of jurisdiction because Plaintiff did not timely appeal the denial of his original motion for reconsideration, and his filing of successive and untimely motions for reconsideration making the same arguments as the original motion does not cure the jurisdictional problem.

### 3. *The Court Lacks Jurisdiction Over Plaintiff's Appeal From The Denial Of His Motion For Transparency.*

In 2020, this Court reversed the district court's earlier *sua sponte* dismissal with prejudice of Plaintiff's fifth amended complaint. *See Vient v. Highlands-News Sun*, 829 F. App'x 407 (11th Cir. 2020). In that decision, this Court also found that although the district erred in dismissing the pleading with prejudice, there was no suggestion of judicial impropriety despite Plaintiff questioning the district judge's prior affiliation with the law firm representing Defendant. *See id.* at 411.

On May 31, 2022 – two years after remand and more than seven months after the entry of final judgment – Plaintiff filed a "Motion to our Court for Transparency." DE 237. In the motion, Plaintiff wrote that this Court's prior decision "gives cause to [him] to ask 'What did this district court use in its decision-making?'" On that basis, Plaintiff's motion asked the district court to certify, in a

written certification or affidavit, that "each of the Canon 3 standards [of the Code of Conduct for United States Judges][4] have been adhered to, or whether there is any knowledge of issues affecting Canon 3 standards in this case."

The district court denied the motion by order entered June 1, 2022. DE 239. That was the same order that also denied Plaintiff's last motion for reconsideration. Plaintiff filed his notice of appeal on June 28, 2022, and the notice states that Plaintiff is appealing the denial of the motion for transparency. DE 240. The Court lacks jurisdiction over Plaintiff's appeal of the denial of the motion for transparency.

If Plaintiff thought that the district court's entry of judgment in Defendant's favor somehow ran afoul of Canon 3 – or that some sort of misconduct caused the judgment to be entered – then Plaintiff's vehicle for raising that issue and challenging the final judgment was in a timely appeal from the final judgment. However, as discussed above, Plaintiff did not timely appeal the final judgment, thus depriving this Court of jurisdiction to review the final judgment. Plaintiff cannot use a "Motion to our Court for Transparency" filed seven months after the entry of final judgment as a means to attack the final judgment and circumvent his failure to

---

[4] Canon 3 is too long to reprint here, but it is entitled "A Judge Should Perform the Duties of the Office Fairly, Impartially, and Diligently," and its introduction states: "The duties of judicial office take precedence over all other activities. The judge should perform those duties with respect for others, and should not engage in behavior that is harassing, abusive, prejudiced, or biased."

timely appeal.  Plaintiff's appeal from the denial of his motion for transparency should be dismissed for lack of jurisdiction.

## B.     THE COURT SHOULD GRANT SUMMARY AFFIRMANCE ON ANYTHING OVER WHICH JURISDICTION MIGHT EXIST

Plaintiff filed his notice of appeal within thirty days of the entry of the order denying his last motion for reconsideration and the motion for transparency.  As discussed above, the Court lacks jurisdiction over Plaintiff's appeal from that order. However, if there is jurisdiction to review the order (which there is not), Defendant is entitled to summary affirmance.  *See, e.g., Swanson v. Commissioner of Internal Revenue*, No. 21-11576, 2021 WL 4551628, at *1 (11th Cir. Oct. 20, 2021) (quoting *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)) ("Summary disposition is appropriate, in part, where 'the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous.'"); *Gilberti v. Adrurra Group, Inc.*, 810 F. App'x 806, 807 (11th Cir. 2020) (same).

With respect to the <u>denial of Plaintiff's **sixth** Rule 60 motion for reconsideration</u>, where the appellate court has jurisdiction to review the disposition of a Rule 60 motion, ***but does not have jurisdiction to review the final judgment***, the court cannot consider the merits of the underlying claims.  *See American Bankers Ins. Co. of Florida v. Northwestern Nat. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999) ("An appeal of a ruling on a Rule 60(b) motion [] is narrow in scope,

addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review.  Because of this limitation, the law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal.") (internal citations omitted); *Marsh*, 259 F. App'x at 205 (quoting *Am. Bankers*, 198 F.3d at 1338) ("[B]ecause we lack jurisdiction over the judgment dismissing his complaint, and a Rule 60(b) motion 'does not raise issues in the underlying judgment for review,' we cannot address the merits of Marsh's claims.").

"Moreover, a district court's order under Rule 60(b) is reviewable only for abuse of discretion."  *See Am. Bankers*, 198 F.3d at 1338; *see also Marsh*, 259 F. App'x at 205 ("[W]e must confine ourselves to deciding whether the district court abused its discretion in concluding that [the movant] had failed to raise any of the enumerated grounds for relief from judgment under Fed.R.Civ.P. 60(b).").  "Under the abuse-of-discretion standard, 'we will leave undisturbed a district court's ruling unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard.'"  *See Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014) (quoting *Ameritas Variable Life Ins. V. Roach*, 411 F,3d 1328, 1330 (11th Cir. 2005)).  The district court did not abuse it discretion in denying Plaintiff's sixth motion for reconsideration, which failed for the same reasons that the district court

explained in connection with denying the substantively identical first motion for reconsideration.

Plaintiff's first motion for reconsideration (DE 225) was expressly brought under Rule 60(a), which "permits corrections 'at any time' of '[c]lerical mistakes' in judgments and orders 'arising from oversight or omission.'" *See Weeks v. Jones*, 100 F.3d 124, 128 (11th Cir. 1996) (quoting Fed.R.Civ.P. 60(a)) (brackets in original). "While the district court may correct clerical errors to reflect what was intended at the time of ruling, 'errors that affect substantial rights of the parties . . . are beyond the scope of Rule 60(a).'" *See id.* at 128-29 (quoting *Mullins v. Nickel Plate Mining Co.*, 691 F.2d 971, 973 (11th Cir. 1982)) (ellipses in original).

Although the first motion for reconsideration clearly sought relief that is not available under Rule 60(a), the district court nonetheless did not deny the motion on that basis. Instead, the district court viewed the *pro se* motion as seeking relief akin to that available under Rule 60(b), and the district court issued a three-page reasoned order denying the motion and explaining that post-judgment relief is not available where the movant merely seeks to present argument and evidence that could have been presented before judgment was entered. DE 227. The district court was correct.

Plaintiff proceeded to file five more motions for reconsideration over a five-month period, all seeking the same relief based on the same rule and same argument.

Upon the filing of the fifth motion in that sequence – Plaintiff's sixth, overall – the district court noted the successive motions for reconsideration and summarily denied the sixth motion.  DE 239.  The sixth motion failed for the same reasons that the district court explained in its reasoned order denying the substantively identical first motion.  District courts must have the discretion to summarily deny repetitive motions – requiring an exhaustive explanation in each case would waste judicial resources. The district court did not abuse its discretion in denying Plaintiff's sixth motion for reconsideration, and its order denying that motion should be summarily affirmed.

With respect to the <u>denial of Plaintiff's motion for transparency</u>, there is no rule or statute authorizing litigants to request that a district judge issue a written certification or affidavit that the judge is complying with the Code of Conduct for United States Judges.  Nor is there any authority requiring a district judge to make such a certification.  Tellingly, the motion did not allege any instances of misconduct by the district court, and noted only that this Court had previously reversed the dismissal of Plaintiff's fifth amended complaint.  The motion for transparency was facially and patently frivolous, and the order denying the motion should be summarily affirmed.

## CONCLUSION

For these reasons, this appeal should be dismissed for lack of jurisdiction, and summary affirmance granted as to anything over which jurisdiction exists, without the Court conducting any merits-related briefing or proceedings.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Appellee
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
(305) 374-8500
(305) 789-7799 (facsimile)


By: /s/  Scott D. Ponce
          Scott D. Ponce (FBN 0169528)
          Email: sponce@hklaw.com
          Benjamin A. Taormina (FBN 106731)
          Email: benjamin.taormina@hklaw.com

## CERTIFICATE OF COMPLIANCE WITH RULE 27(d)

This brief complies with the requirements of Rule 27(d)(1)(e) of the Federal Rules of Appellate Procedure because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman, and the requirements of Rule 27(d)(2)(A) of because it contains 4,107 words.


By: /s/  Scott D. Ponce

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 22nd day of July 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.

By:  <u>/s/  Scott D. Ponce</u>

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-CV-14012-ROSENBERG**

BENJAMIN VIENT,

     Plaintiff,

v.

HIGHLANDS NEWS-SUN,

     Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

     This matter is before the Court on the Defendant's Motion for Summary Judgment [DE 208]. For its review, the Court has considered the Defendant's Motion for Summary Judgment, Plaintiff's response [DE 214], and the record evidence. For the reasons set forth below, the Defendant's Motion is granted.

     Plaintiff is the author of two articles on trains. One is entitled "Welcome on Board, Enjoy the Ride" and the other is "Using a Tower to Sell a Station." DE 209 at 2; DE 69 at 9-12. Proceeding in this action *pro se*, the Plaintiff's operative Fifth Amended Complaint brings several claims for copyright infringement:

> Statement of Claims   06-27-19
>
> Introduction: Plaintiff's Copyright Ownership Registration Numbers of text and photography: TX0008587743. These works have been registered at the U.S. Copyright Office. I own these copyrighted works. My statement of claims, as understood now, are of multiple violations of 17 U.S.C. §§ 101 *et seq*: including multiple reproduction violations of 17 U.S.C. §§ 106 (1), multiple distribution violations of 17 U.S.C. §§ 106 (3), and multiple display violations of 17 U.S.C. §§ 106 (5). Defendant Highland News Sun has reproduced, distributed, displayed my works outside of the Highlands News Sun, with others, without authorization. Relief of my stated claims is found at 17 U.S.C. §§ 501 et seq., which is delineated under Relief.

DE 69 at 6. Claims for copyright infringement require proof of ownership of a valid copyright. *Corwin v. Walt Disney World Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007). The Plaintiff facially

alleges that his articles are registered with the Copyright Office under copyright number TX0008587743. DE 69 at 6.

The Defendant contends in its Motion[1] that copyright TX0008587743 does not cover the Plaintiff's articles—that the Plaintiff has no evidence of a registered copyright.  For support, the Defendant attaches a copy of TX0008587743 from the Copyright Office's official records. DE 208-1.  Although TX0008587743 references the titles of several articles by Plaintiff, "Welcome on Board, Enjoy the Ride," and "Using a Tower to Sell a Station" do not appear in the copyright, nor does the copyright reference or describe the content of any registered article. *Id.*

At summary judgment, after a moving party meets its burden of coming forward with proof of the absence of any genuine issue of material fact, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In response to the Defendant's Motion, the Plaintiff neither provides evidence nor cites to any

---

[1] The Defendant also contended at the Motion to Dismiss stage that the Plaintiff had not plausibly alleged copyright ownership for his articles. DE 70.  After conducting a Rule 11 evidentiary hearing, the Court found that the Plaintiff lacked any evidentiary support for his allegations of copyright infringement and dismissed the case. *Id.*  The Eleventh Circuit reversed the Court's dismissal, finding that at the motion to dismiss stage the Plaintiff "need not []produce every piece of evidence in his favor." DE 153 at 11. The Defendant subsequently filed the Motion for Summary Judgment before the Court.

record evidence that he owns a copyright for the two articles in dispute.  Instead, the Plaintiff cites

to illegible fragments of screenshots attached to the Fifth Amended Complaint such as:



and



. DE 69 at 9-12.  Documents attached to a pleading, unaccompanied by an affidavit, are not valid summary judgment evidence. Fed. R. Civ. P. 56; *Williams v. Eckerd Family Youth Alternative*, 903 F. Supp. 1515, 1518 (M.D. Fla. 1995) ("[F]or a document to be considered in support of or in opposition to a motion for summary judgment, it must be authenticated by an affidavit that meets the requirements of the summary judgment [Rule 56].").  The Plaintiff has failed to produce evidence that he owns a copyright for the articles in this case.

Apart from reliance upon the foregoing screenshot fragments, the Plaintiff argues that he needs more discovery and more time to respond to the Defendant's Motion, but the Court finds this argument unpersuasive for three reasons.  First, the Court is not persuaded that the Plaintiff needs more discovery to provide evidence of his ownership of a copyright—something the Plaintiff should have been prepared to prove even before he filed this case.  Second, the Plaintiff is no stranger to the litigation of copyright infringement claims and the burden of proof to prevail on such a claim as the Plaintiff has filed many copyright infringement lawsuits in the past.[2]  Third and finally, the Defendant persuasively argues that this case closely resembles another suit by the Plaintiff in 2018: *Vient v. Raycom Media*, Case No. 2:18-cv-1054-GMB (M.D. Ala.).

In *Raycom*, the Plaintiff sued another newspaper defendant arguing, as in the instant case, that the newspaper improperly published his articles. *Id.*  At summary judgment, the newspaper contended that the Plaintiff did not own a copyright for the article in dispute, just as in the instant case. *Raycom*, 2019 WL 2158235, at *3.  The defendant newspaper pointed out that the copyright

---

[2] *Vient v. Sanford Herald and Rachael Raney*, Case No 1:19-CV-00002-TDS-LPA (M.D. N.C.); *Vient v. Connersville News Examine*, Case No. 1:17-CV-04691-JMS- TAB, (S.D. IN); *Vient v. Wehco Media*, Case No. 4:18-cv-0092-KGB (E.D. Ark); *Vient v. Prairie Mountain Publishing*, Case No. 1:18-cv-03325-SKC (D. Colo); *Vient v. Barbara Wall Gannett*, Case No. 1:18-cv01562; *Vient v. APG Media*, Case No. ELH-18-3862 (D. MD); *Vient v. Raycom Media*, Case No. 2:18-cv-1054-GMB (M.D. Ala.).

registration number proffered by the Plaintiff did not contain the title of the article published by the newspaper. *Id.* In response, the Plaintiff provided no evidence that he owned a copyright. *Id.* Also like the instant case, the Plaintiff relied upon "illegible" screenshots attached to his complaint. *Id.* The *Raycom* court granted summary judgment in favor of the defendant due to the Plaintiff's lack of evidence of copyright ownership. *Id.*

This case is thirty-three months old. The Plaintiff has had sufficient time to secure evidence of his ownership of copyright, particularly when he has been on notice in the past in other cases of the need to provide proof of the same.[3] The Plaintiff has failed to provide any evidence that he owns a copyright for the articles in this case. Accordingly, it is **ORDERED AND ADJUDGED** that the Defendant's Motion for Summary Judgment [DE 208] is granted. The Defendant shall provide the Court with a proposed final judgment within three business days of the date of rendition of this order in Microsoft Word format at rosenberg@flsd.uscourts.gov. All other pending motions are **DENIED AS MOOT** and this case is **CLOSED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 15th day of October, 2021.

_____
UNITED STATES DISTRICT JUDGE
ROBIN L. ROSENBERG

---

[3] Discovery closed on August 20, 2021, yet the Plaintiff did not move for an extension of the discovery deadline until October 8, 2021, in his response to the Defendant's Motion.

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 2:19-cv-14012-RLR

BENJAMIN VIENT,

     Plaintiff,

vs.

HIGHLANDS NEWS-SUN,

     Defendant.

_____/

## **FINAL JUDGMENT**

THIS CAUSE is before the Court pursuant to its Order Granting Defendant's Motion for Summary Judgment [ECF No. 220]. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     Judgment is entered in favor of Defendant Highlands News-Sun and against Plaintiff Benjamin Vient.

2.     Plaintiff Benjamin Vient shall take nothing from Defendant from this action.

3.     The above-captioned case is hereby **DISMISSED.** The Court retains jurisdiction to consider any motions that may be filed regarding fees and costs. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 18 day of October 2021.

_____
UNITED STATES DISTRICT JUDGE
ROBIN L. ROSENBERG

# EXHIBIT 3

US SDFL  CASE NO. 2:19-14012-ROSENBERG/MAYNARD

BENJAMIN VIENT, Plaintiff  v.  HNS (D-R), Defendant



FILED BY_____ D.C.

NOV 16 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

<u>Motion for Reconsideration</u>

Pro-se Plaintiff Benjamin Vient Motions here for Reconsideration of  Doc. 220
Order, 221, 222 Final Judgment, under Federal Rules of Civil Procedure 60.

FRCP 60 states: "Relief from a Judgment or Order  (a) Corrections Based on
Clerical Mistakes; Oversights and Omissions. The court may correct a clerical
mistake or a mistake arising from oversight or omission whenever one is found in a
judgment, order, or other part of the record. The court may do so on motion or on
its own, with or without notice."

Relief requested:  Striking Doc. 220, 221, 222; Amending pro-se Plaintiff's
Response and Declaration to Defendant's Motion for Summary Judgment;
Renewing Plaintiff's Motions 217, 218 and 219 (being filed here
contemporaneously)

Memorandum of Law:  In Doc. 220, this Court overlooks facts of my Copyright
ownership, and makes the mistake of agreeing with Defendant.  I stated the validity
of my Copyright Registrations (Doc. 214) in response to Defendant's Motion for
Summary Judgement.  In its Order (Doc. 220), this Court states:  "For its review,
the Court has considered the Defendant's Motion for Summary Judgment,
Plaintiff's response [DE 214], and the record evidence."

However, in the "record evidence" we can look at Copyright ownership:

In the Complaint:

"Defendant's unauthorized usage of Exhibit C is Plaintiff's text, Copyright
Registration number TX0008587743, listing #4.  (Compare text of Exhibit C to the
text of Copyright Registration number TX0008587743, listing #4.  It's identical.
Registered text provided here at Exhibit F.)  (Plaintiff's registered text of
TX0008587743 listing #4 is also found at Doc. 63, page 10, which also shows a
side-by-side comparison of identical text, if that is easier to read.)  (Doc. 69, page
6, paragraph 5)

And in the Complaint:

"Defendant's unauthorized usage of Exhibit D is Plaintiff's text, Copyright Registration number TX0008587743, listing #1. (Compare text of Exhibit D to the text of Copyright Registration TX0008587743, listing #1. It's identical. Registered text provided here at Exhibit G.) (Defendant used an alternate title on this listing #1: "Using a tower to sell a station" vs. "Selling a station in Vienna." It's the same text.) (Copyright Registration Certificate TX0008587743 is also at Doc. 57, page 10." (Doc. 69, page 7, paragraph 1)

In the record evidence, Defendant's unauthorized usage of Plaintiff's Copyright Registration number TX0008587743, listing #4 is seen at: Doc. 69 pages 10,11 and Doc. 111 pages 10-12. This text can be compared to the text of record evidence of Copyright Office Registration TX0008587743, listing #4 to prove the fact of Plaintiff's Copyright ownership.

In the record evidence, Defendant's unauthorized usage of Plaintiff's Copyright Registration number TX0008587743, listing #1 is seen at: Doc. 69 pages 10, 12; and Doc. 111 page 13. This text can be compared to the text of record evidence of Copyright Office Registration TX0008587743, listing #1 to prove the fact of Plaintiff's Copyright ownership.

I'm filing contemporaneously here a Motion to Amend my declaration, case record and Response to Defendant's Motion for Summary Judgment, with Amended Declaration, regarding the facts of my Copyright ownership, and Copyright Office Registration of TX0008587743, listing #4 and TX0008587743, listing #1.

Because the facts of my Copyright registration can be looked at, this Motion for relief of striking Doc. 220, 221, and 222 should be granted, and the requested relief granted.

Respectfully submitted,

Benjamin Vient, Plaintiff Pro-Se

CERTIFICATE OF MAILING   I HEREBY CERTIFY that on   2021,  I emailed a true and correct copy of the foregoing to Elaine Starling at elaine.starling@hklaw.com.

US SDFL  CASE NO. 2:19-14012-ROSENBERG/MAYNARD

BENJAMIN VIENT, Plaintiff  v.   HNS (D-R), Defendant


Motion to Amend Declaration, Case Record and Response to Defendant's Motion
for Summary Judgment

Pro-se Plaintiff Benjamin Vient Motions here for our Court's leave to Amend his
Declaration, Case Record and Response to Defendant's Motion for Summary
Judgment.

Federal Rules of Civil Procedure 15 (2) states: *Other Amendments*. In all other
cases, a party may amend its pleading only with the opposing party's written
consent or the court's leave. The court should freely give leave when justice so
requires.

Facts of Copyright ownership are included in amendment.  Justice requires the use
of facts.

An Amended Declaration is included here.


Respectfully submitted,

Benjamin Vient, Plaintiff Pro-Se

CERTIFICATE OF MAILING   I HEREBY CERTIFY that on   2021,  I emailed a
true and correct copy of the foregoing to Elaine Starling at
elaine.starling@hklaw.com.

# EXHIBIT 4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-CV-14012-ROSENBERG

BENJAMIN VIENT,

     Plaintiff,

v.

HIGHLANDS NEWS-SUN,

     Defendant.

_____/

## ORDER DENYING THE PLAINTIFF'S MOTION
## FOR RECONSIDERATION AND MOTION TO SANCTION THE DEFENDANT

This matter is before the Court on the Plaintiff's Motion for Reconsideration [DE 225]. The Defendant filed a response. For the reasons set forth below, the Plaintiff's Motion is denied.

Reconsideration of an order "is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A motion for reconsideration cannot be used to re-litigate old matters, raise argument, or present evidence that could have been raised prior to the entry of the challenged order. *AM Grand Court Lakes, LLC v. Rockhill Ins. Co.*, No. 18-23576, 2020 WL 6266694, at *1 (S.D. Fla. Aug. 10, 2020). This prohibition includes new arguments that were previously available but not pressed. *Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (citations omitted). When a litigant simply thinks a district court's ruling is wrong, the proper remedy is to appeal the ruling, not to seek reconsideration. *Jacobs v. Tempur-Pedic International, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

Here, a fair summary of the Court's ruling on summary judgment was that the Plaintiff failed to cite to record evidence on an essential element of his claim for copyright infringement:

> This case is thirty-three months old. The Plaintiff has had sufficient time to secure evidence of his ownership of copyright, particularly when he has been on notice in the past in other cases of the need to provide proof of the same. The Plaintiff has failed to provide any evidence that he owns a copyright for the articles in this case. Accordingly, it is ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment [DE 208] is granted.

DE 220 at 5. In reaching the above-quoted conclusion, the Court explained that the Plaintiff had failed to cite to record evidence of his copyright ownership. *Id.* at 2-4.

The Plaintiff argues in his motion for reconsideration that the Court should have concluded that there is record evidence of his ownership of a copyright. DE 225 at 1 ("[T]his Court overlooks facts of my Copyright ownership, and makes the mistake of agreeing with Defendant."). In its response, the Defendant explains why the Plaintiff has failed to meet the standard necessary for reconsideration:

> Plaintiff attempts to use the Motion for Reconsideration to raise argument or present evidence that could have been raised prior to the entry of the order and Final Judgment at issue, which is impermissible under Rule 60. Indeed, in Plaintiff's Response to Defendant's summary judgment argument that no record evidence existed of Plaintiff's copyright ownership, Plaintiff failed to identify any record evidence and simply requested a hearing to review the copyright registrations. Now, Plaintiff seeks to identify record evidence that he claims proves his copyright ownership. Notably, Plaintiff makes no attempt to argue why Plaintiff failed to previously raise these arguments and makes no attempt to explain whether this evidence was newly discovered. The obvious conclusion is that the information cited by Plaintiff in his Motion for Reconsideration was available to Plaintiff because he cites to the docket entry numbers, mostly relying on ECF No. 69 and its illegible exhibits.

DE 226 at 2 (citations omitted). The Court agrees with the Defendant. A motion for reconsideration is not a vehicle to "present evidence that could have been raised prior to the entry of the challenged order." *AM Grand Court Lakes, LLC*, 2020 WL 6266694, at *1. For this reason,

2

as well as all of the other reasons articulated in the Defendant's response at docket entry 226,[1] it is **ORDERED AND ADJUDGED** that the Plaintiff's Motion for Reconsideration [DE 226] is **DENIED** and the Plaintiff's filing at docket entry 223 (which the Court construes as a motion to sanction the Defendant, stay this case, and amend the operative complaint) is **DENIED** as well.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 8th day of December, 2021.

UNITED STATES DISTRICT JUDGE
ROBIN L. ROSENBERG

---

[1] The Court adopts and incorporates each of the reasons described in the Defendant's response as grounds for the denial of the Plaintiff's motion for reconsideration.

3

# EXHIBIT 5

FILED BY _____ D.C.

JAN 13 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

US SDFL  CASE NO. 2:19-14012-ROSENBERG/MAYNARD

BENJAMIN VIENT, Plaintiff v. HNS (D-R), Defendant

Motion for Reconsideration

Pro-se Plaintiff Benjamin Vient Motions here for Reconsideration of Doc. 227 Order, 220 Order, 221, 222 Judgment, under Federal Rules of Civil Procedure 60 and Federal Rules of Procedure 56 (e)(1).

FRCP 60 states: "Relief from a Judgment or Order  (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

FRCP 56 Summary Judgment (e)(1) states: "Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact"

Memorandum of Law:  In our District Court's Order (227), our District Court states: "Here, a fair summary of the Court's ruling on summary judgment was that the Plaintiff failed to cite to record evidence on an essential element of his claim for copyright infringement." (Doc. 227, p1, p3)

Rule 56(e)(1) in our Federal Rules of Civil Procedure allows the "opportunity to properly support or address the fact."

I'm respectfully requesting that opportunity, in the interest of facts and justice.

Relief requested:  Striking Doc. 227, 220, 221, 222; Amending pro-se Plaintiff's Response and Declaration to Defendant's Motion for Summary Judgment; Renewing Plaintiff's Motions 217, 218 and 219.

Respectfully submitted,

Benjamin Vient, Plaintiff Pro-Se

CERTIFICATE OF MAILING  I HEREBY CERTIFY that on  2022,  I emailed a true and correct copy of the foregoing to Elaine Starling at elaine.starling@hklaw.com.

Vient
217 West 18th Street
23B
New York NY 10011

0005655768000011

US District Court
Clerk Office
701 Clematis St.
West Palm Beach FL 33401

ᄄ 01-06-22  SANTA ANA CA 926

# EXHIBIT 6

| From: | cmecfautosender@flsd.uscourts.gov |
|---|---|
| To: | flsd_cmecf_notice@flsd.uscourts.gov |
| Subject: | Activity in Case 2:19-cv-14012-RLR Vient v. Highlands News-Sun et al Order on Motion for Reconsideration |
| Date: | Tuesday, January 18, 2022 12:18:47 PM |

*[External email]*

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Southern District of Florida

### Notice of Electronic Filing

The following transaction was entered on 1/18/2022 at 12:18 PM EST and filed on 1/18/2022
**Case Name:**     Vient v. Highlands News-Sun et al
**Case Number:**   2:19-cv-14012-RLR
**Filer:**
**WARNING: CASE CLOSED on 10/15/2021**
**Document Number:** 229(No document attached)

**Docket Text:**
**PAPERLESS ORDER. In his second Motion for Reconsideration [228], Plaintiff seeks to support or address facts that were introduced at summary judgment. However, a motion for reconsideration is not a vehicle to "present evidence that could have been raised prior to the entry of the challenged order." AM Grand Court Lakes, LLC v. Rockhill Ins. Co., No. 18-23576, 2020 WL 6266694, at \*1 (S.D. Fla. Aug. 10, 2020). Plaintiff's Motion for Reconsideration [228] is therefore denied. Signed by Judge Robin L. Rosenberg on 1/18/2022. (cgs)**

**2:19-cv-14012-RLR Notice has been electronically mailed to:**

Benjamin Vient     bvient@outlook.com

Benjamin Anthony Taormina     benjamin.taormina@hklaw.com, Carmen.ramsey@hklaw.com

Sanford Lewis Bohrer     sbohrer@hklaw.com, estarlin@hklaw.com

**2:19-cv-14012-RLR Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at**

**1-888-318-2260.:**

# EXHIBIT 7

BENJAMIN VIENT, Plaintiff v. HNS (D-R), Defendant

FILED BY _____ D.C.

FEB 23 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## Motion for Reconsideration

Pro-se Plaintiff Benjamin Vient Motions here for Reconsideration of Doc. 229, under Federal Rules of Civil Procedure 60 and Federal Rules of Procedure 56 (e)(1).

FRCP 60 states: "Relief from a Judgment or Order (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

FRCP 56 Summary Judgment (e)(1) states: "Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact"

Memorandum of Law: Our District Court's Order (Doc. 229) omits the Federal Rules of Civil Procedure motioned for in Motion Doc. 228. The referenced Federal Rules of Civil Procedure are listed in Doc. 228, and above.

Relief requested: Acknowledging FRCP 56(e)(1); Striking Doc. 229, Doc. 227, 220, 221, 222; Amending pro-se Plaintiff's Response and Declaration to Defendant's Motion for Summary Judgment; Renewing Plaintiff's Motions 217, 218 and 219.

Respectfully submitted,

Benjamin Vient, Plaintiff Pro-Se

CERTIFICATE OF MAILING - I HEREBY CERTIFY that on -2022. I emailed a true and correct copy of the foregoing to Elaine Starling at elaine.starling@hklaw.com.

```
PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
LETTERSTREAM
```

Vient
217 West 18th Street
238
New York NY 10011

0005530900000011
US District Court
Clerk Office
701 Clematis St.
West Palm Beach FL 33401



# EXHIBIT 8

**Starling, Elaine (MIA - X27483)**

| | |
|---|---|
| **From:** | cmecfautosender@flsd.uscourts.gov |
| **Sent:** | Tuesday, March 1, 2022 1:39 PM |
| **To:** | flsd_cmecf_notice@flsd.uscourts.gov |
| **Subject:** | Activity in Case 2:19-cv-14012-RLR Vient v. Highlands News-Sun et al Order on Motion for Reconsideration |

*[External email]*

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Southern District of Florida

### Notice of Electronic Filing

The following transaction was entered on 3/1/2022 at 1:38 PM EST and filed on 3/1/2022
**Case Name:**     Vient v. Highlands News-Sun et al
**Case Number:**     2:19-cv-14012-RLR
**Filer:**
**WARNING: CASE CLOSED on 10/15/2021**
**Document Number:** 231(No document attached)

**Docket Text:**
**PAPERLESS ORDER denying [230] Second Motion for Reconsideration of the Court's Order Denying Reconsideration. Signed by Judge Robin L. Rosenberg (bkd)**


**2:19-cv-14012-RLR Notice has been electronically mailed to:**

Benjamin Vient     bvient@outlook.com

Benjamin Anthony Taormina     benjamin.taormina@hklaw.com, Carmen.ramsey@hklaw.com

Sanford Lewis Bohrer     sbohrer@hklaw.com, estarlin@hklaw.com

**2:19-cv-14012-RLR Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

# EXHIBIT 9

USSDFL 2:19-14012-ROSENBERG/MAYNARD / VIENT, Plaintiff v. HNS (D-R), Defendant

Motion for Reconsideration

Pro-se Plaintiff Benjamin Vient Motions here for Reconsideration of Doc. 231, under Federal Rules of Civil Procedure 60 and Federal Rules of Procedure 56 (e)(1).

FRCP 60 states: "Relief from a Judgment or Order (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

Memorandum of Law: Our District Court's Paperless Order (Doc. 231) states:

Document Number:  231(No document attached)

Docket Text: PAPERLESS ORDER denying [230] Second Motion for Reconsideration of the Court's Order Denying Reconsideration. Signed by Judge Robin L. Rosenberg (bkd)

Our District Court's Order (Doc. 231) omits analysis of the Rule of Law Plaintiff has Motioned for in Doc. 228 and 230: Federal Rules of Civil Procedure 56(e)(1), which states: ""Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact"

My position is that such discretion as Rule 56(e)(1) of our Court should favor facts. The authority for this position is our United States Supreme Court: ""The ascertainment of the truth is the fundamental purpose of any trial." (Tehan v. United States ex re L Shott, 382 U.S. 406, 416 (1966)). Pro-se Plaintiff has further presented his position of Copyright ownership as factual. (Doc. 225) Our Court can see Plaintiff's position of Copyright ownership is factual by reviewing the cited evidence, or at the minimum, that pro-se Plaintiff has cause for opportunity regarding the fact. (Doc. 225) Rule 56(e)(1) allows for our Court's discretion to favor factual information, to ascertain the truth. The position is for a democratic justice system to favor facts and truth, per our United States Supreme Court: "The ascertainment of the truth is the fundamental purpose of any trial." (Tehan v. United States ex re L Shott, 382 U.S. 406, 416 (1966)).

Relief requested:  Acknowledging and allowing the opportunity to address the fact of Copyright ownership under FRCP 56(e)(1); Striking Doc. 231, 229, 227, 220, 221, 222; Amending pro-se Plaintiff's Response and Declaration to Defendant's Motion for Summary Judgment; Renewing Plaintiff's Motions 217, 218 and 219.

Respectfully submitted,

Benjamin Vient, Plaintiff pro-se

CERTIFICATE OF MAILING  I HEREBY CERTIFY that on  2022, I emailed a true and correct copy of the foregoing to Elaine Starling at elaine.starling@hklaw.com.

FILED BY _____ D.C.

APR 04 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

Vient
217 West 18th Street
238
New York NY 10011

0006056546000011
US District Court
Clerk Office
701 Clematis St.
West Palm Beach FL 33401

# EXHIBIT 10

**Starling, Elaine (MIA - X27483)**

| | |
|---|---|
| **From:** | cmecfautosender@flsd.uscourts.gov |
| **Sent:** | Monday, April 04, 2022 1:39 PM |
| **To:** | flsd_cmecf_notice@flsd.uscourts.gov |
| **Subject:** | Activity in Case 2:19-cv-14012-RLR Vient v. Highlands News-Sun et al Order on Motion for Reconsideration |

*[External email]*

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## Southern District of Florida

**Notice of Electronic Filing**

The following transaction was entered on 4/4/2022 at 1:38 PM EDT and filed on 4/4/2022
**Case Name:**     Vient v. Highlands News-Sun et al
**Case Number:**     2:19-cv-14012-RLR
**Filer:**
**WARNING: CASE CLOSED on 10/15/2021**
**Document Number:** 233(No document attached)

**Docket Text:**
**PAPERLESS ORDER denying [232] Third Motion for Reconsideration. Signed by Judge Robin L. Rosenberg (bkd)**

**2:19-cv-14012-RLR Notice has been electronically mailed to:**

Benjamin Vient     bvient@outlook.com

Benjamin Anthony Taormina     benjamin.taormina@hklaw.com, Carmen.ramsey@hklaw.com

Sanford Lewis Bohrer     sbohrer@hklaw.com, estarlin@hklaw.com

**2:19-cv-14012-RLR Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

# EXHIBIT 11

USSDI 2:19-14012-ROSENBERG/MAYNARD: VIENT: Plaintiff v. HNS (D-R), Defendant

<u>Motion for Reconsideration</u>

Pro-se Plaintiff Benjamin Vient Motions here for Reconsideration Doc. 233, under Federal Rules of Civil Procedure 60 and Federal Rules of Procedure 56 (e)(1).

FRCP 60 states: "Relief from a Judgment or Order (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

Memorandum of Law: Our District Court's Paperless Order (Doc. 233) states:

Document Number: 233(No document attached) Docket Text:

PAPERLESS ORDER denying [232] Third Motion for Reconsideration. Signed by Judge Robin L. Rosenberg (bkd)

Our District Court's Paperless Order (Doc. 233) omits the decision-making of our United States Supreme Court, as presented in Doc. 232: "The ascertainment of the truth is the fundamental purpose of any trial." (Tehan v. United States ex re L Shott, 382 U.S. 406, 416 (1966)).

Relief requested: Acknowledging and allowing the opportunity to address the fact of Copyright ownership under FRCP 56(e)(1); Striking Doc. 233, 231, 229, 227, 220, 221, 222; Amending pro-se Plaintiff's Response and Declaration to Defendant's Motion for Summary Judgment; Renewing Plaintiff's Motions 217, 218 and 219.

Respectfully submitted,

Benjamin Vient, Plaintiff pro-se

CERTIFICATE OF MAILING  I HEREBY CERTIFY that on   2022, I emailed a true and correct copy of the foregoing to Elaine Starling at elaine.starling@hklaw.com.

FILED BY ___ D.C.

MAY 02 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

West
217 West 18th Street
238
New York NY 10011

0006200304000011

US District Court
Clerk Office
701 Clematis St.
West Palm Beach FL 33401

# EXHIBIT 12

**Starling, Elaine (MIA - X27483)**

| | |
|---|---|
| **From:** | cmecfautosender@flsd.uscourts.gov |
| **Sent:** | Monday, May 02, 2022 11:29 AM |
| **To:** | flsd_cmecf_notice@flsd.uscourts.gov |
| **Subject:** | Activity in Case 2:19-cv-14012-RLR Vient v. Highlands News-Sun et al Order on Motion for Reconsideration |

*[External email]*

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 5/2/2022 at 11:29 AM EDT and filed on 5/2/2022
**Case Name:**    Vient v. Highlands News-Sun et al
**Case Number:**    2:19-cv-14012-RLR
**Filer:**
**WARNING: CASE CLOSED on 10/15/2021**
**Document Number:** 235(No document attached)

**Docket Text:**
**PAPERLESS ORDER denying Fourth Motion for Reconsideration. Signed by Judge Robin L. Rosenberg (bkd)**

**2:19-cv-14012-RLR Notice has been electronically mailed to:**

Benjamin Vient    bvient@outlook.com

Benjamin Anthony Taormina    benjamin.taormina@hklaw.com, Carmen.ramsey@hklaw.com

Sanford Lewis Bohrer    sbohrer@hklaw.com, estarlin@hklaw.com

**2:19-cv-14012-RLR Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

# EXHIBIT 13

FILED BY _____ PCS _____ D.C.

MAY 31 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. W.P.B.

SDFL 2:19-14012-ROSENBERG/MAYNARD / VIENT, Pl v. HNS (D-K), Def

Motion for Reconsideration

Pro-se Plaintiff Benjamin Vient Motions here for Reconsideration of Doc. 235, under Federal Rules of Civil Procedure (FRCP) 60 and FRCP 56 (e)(1).

FRCP 60 states: "Relief from a Judgment or Order (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

Memorandum of Law: Our District Court's Paperless Order (Doc. 235) states on May 2, 2022: Docket Text: PAPERLESS ORDER denying Fourth Motion for Reconsideration. Signed by Judge Robin L. Rosenberg (bkd)

Our District Court's Paperless Order (Doc. 235) omits the decision-making of the 11th Circuit Appellate Court previously in this case: "the district court never analyzed the (Rule of Law reasoned for)... (T)he district court erred." (Doc. 153, p 10, p1)

I have Motioned for our court's discretion of Federal Rules of Procedure 56 (e)(1). The Order 235 omits analysis of the Rule of Law Motioned under, in accordance with the 11th Circuit Appellate Court's decision-making for the district court to analyze the Rule of Law reasoned for in the filing (Doc. 228).

Relief requested: Acknowledging and allowing the opportunity to address the fact of Copyright ownership under FRCP 56(e)(1); Striking Doc. 235, 233, 231, 229, 227, 220, 221, 222; Amending pro-se Plaintiff's Response and Declaration to Defendant's Motion for Summary Judgment; Renewing Plaintiff's Motions 217, 218 and 219.

Respectfully submitted,

Benjamin Vient, Plaintiff pro-se

CERTIFICATE OF MAILING   I HEREBY CERTIFY that on  2022,  I caused to be served a true and correct copy of the foregoing to Elaine Starling at elaine.starling@hklaw.com.

Vient
217 West 18th Street
238
New York NY 10011

0008344950000011
US District Court
Clerk Office
701 Clematis St.
West Palm Beach FL 33401



# EXHIBIT 14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-CV-14012-ROSENBERG**

BENJAMIN VIENT,

     Plaintiff,

v.

HIGHLANDS NEWS-SUN,

     Defendant.

_____/

**ORDER DENYING FIFTH MOTION FOR RECONSIDERATION**
**AND ORDER TO THE CLERK OF COURT ON FUTURE FILINGS**

This matter is before the Court on the Plaintiff's fifth[1] motion for reconsideration [DE 236]. The Court summarily **DENIES** the Plaintiff's fifth motion for reconsideration, as well as the Plaintiff's other pending motions. However, because of the volume of motions that the Plaintiff has continued to file long after the date of final judgment, October 18, 2021, the Clerk of the Court is **ORDERED** to **REFUSE TO ACCEPT** all future filings from the Plaintiff with the sole exception of a notice of appeal. Nothing in this Order shall preclude the Plaintiff from filing a notice of appeal.

     **DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 1st day of June, 2022.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

1 Based upon the Court's review of the docket, the Plaintiff's motion for reconsideration may be the sixth motion for reconsideration he has filed of the Court's entry of summary judgment in favor of the Defendant.

# EXHIBIT 15

FILED BY____PCS____ D.C.

MAY 31 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

US SDFL 2:19-14012-ROSENBERG/MAYNARD / VIENT, Plaintiff v. HNS (D-R), Defendant

Motion to our Court for Transparency

Pro-se Plaintiff Benjamin Vient Motions here to our district court for transparency. Our United States Constitution (5th Amendment) and Canon 3 of the Code of Conduct for United States Judges are relied upon here.

Memorandum of Law: On October 28, 2020, the 11th Circuit Court of Appeals found this district court did not use the Rule of Law, the Federal Rules of Civil Procedure, or evidence in its decision-making. (11th Circuit Doc. 153 page 10: paragraphs 1, 3, 2.)

This gives cause to me to ask; "What did this district court use in its decision-making?"

A person before our Court has Constitutional rights to "due process of law" (5th Amendment). "Due process of law requires that the proceedings shall be fair." (US 241 SNYDER v. COM. OF MASS.(1934))

This district court has pointed to Canon 3 of the Code of Conduct for United States Judges as assurance that this case has been conducted "fairly, impartially, diligently." (Doc. 198) Canon 3 states that judicial officers perform duties "fairly, impartially, and diligently" and provides a list of "standards" to "adhere to."

My concern is that these standards are being self-certified by judicial officers, in private. In a case such as mine, when it's found a court has not used the Rule of Law, the Federal Rules of Civil Procedure, or evidence, then my position is that I have cause and a 5th Amendment Constitutional right to a transparent, accountable certification by the judicial officers on this case that Canon 3 "standards" have been "adhere(d) to." For these "standards" to be only self-certified, in private, violates my 5th Amendment Constitutional rights to fair, due process of law. "Liberty and the pursuit of happiness" in a democratic justice system is knowing that these standards can be transparently certified by judicial officers, when there is cause to do so.

I believe this can be done as other matters are done at Court, such as in a certification or affidavit as commonly used in the FRCP. The judges and clerks

working on this case can certify in writing for the docket that Canon 3 standards
have been adhered to, or whether there is any knowledge of issues affecting Canon
3 standards in this case.

In a democracy, the public has an interest in a transparent, accountable judicial
system, where such "standards" are not self-certified behind castle walls. I believe
that this Motion for transparency strengthens a democratic judicial system.

Relief requested:   Written certification or affidavit from each of the judges and
clerks on this case, that each of the Canon 3 standards have been adhered to, or
whether there is any knowledge of issues affecting Canon 3 standards in this case.

Respectfully submitted,

Benjamin Vient, Plaintiff pro-se

CERTIFICATE OF MAILING   I HEREBY CERTIFY that on  2022,  I caused to
be served a true and correct copy of the foregoing to Elaine Starling at
elaine.starling@hklaw.com.

Vient
217 West 18th Street 238
New York NY 10011

0008344950000011
US District Court
Clerk Office
701 Clematis St.
West Palm Beach FL 33401



# EXHIBIT 16

FILED BY _*PLS*_ D.C.

MAY 31 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

US SDFL 2:19-14012-ROSENBERG/MAYNARD / VIENT, Plaintiff v. HNS (D-R), Defendant

Motion to Stay

Pro-se Plaintiff Benjamin Vient Motions here to stay until further notice.

Memorandum of Law:

Good cause is for parties discussing resolving.

Respectfully submitted,

Benjamin Vient, Plaintiff pro-se

CERTIFICATE OF MAILING   I HEREBY CERTIFY that on  2022,  I caused to be served a true and correct copy of the foregoing to Elaine Starling at elaine.starling@hklaw.com.

Benjamin Vient

Vient
217 West 18th Street
238
New York NY 10011



0008344950000011
US District Court
Clerk Office
701 Clematis St.
West Palm Beach FL 33401



# EXHIBIT 17

United States District Court for the Southern
District of Florida

File Number 2:19-cv-14012 – ROSENBERG/MAYNARD

Benjamin Vient
Plaintiff, pro-se

v.

Highland News Sun (D-R Media and
Investments LLC)
Defendant

Notice of Appeal

Notice is hereby given that Benjamin Vient, plaintiff in the above named case, hereby
appeals to the United States Court of Appeals for the 11th Circuit from Judgement (220/222) and
Order 239  (reconsiderations of Summary Judgment;  Motion to our Court for Transparency)

(s) ___ Benjamin Vient

Attorney for:  pro-se
217 West 18th Street #238, New York, NY 10011

FILED BY _____ D.C.

JUN 28 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Vient
217 West 18th Street
238
New York NY 10011

000846994400000011
US District Court
Clerk Office
701 Clematis St.
West Palm Beach FL 33401